# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** <br><br> **EULA JACKSON-SMITH,** <br> Plaintiff, <br><br> -vs- <br><br> **JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER INC., JOHNSON & JOHNSON HOLDCO (NA) INC., JANSSEN PHARMACEUTICALS INC., LLT MANAGEMENT LLC, and KENVUE, INC.,** <br> Defendants, | **MDL No. 2738 (FLW)(LHG)** <br> **JUDGE MICHAEL A. SHIPP** <br> **MAG. JUDGE RUKHSANAH L. SINGH** <br><br> **COMPLAINT AND JURY DEMAND** <br><br> **CIVIL ACTION No.** <br><br> **DIRECT FILE ACTION** |

## SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff named below files this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff files this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff shall add and include them herein.

1

## **IDENTIFICATION OF PARTIES**

### **Identification of Plaintiff**

1. Name of individual injured due to the use of talcum powder products: EULA JACKSON-SMITH.

2. At the time of the filing of the specific case, Plaintiff is a citizen of Troup County in Hogansville, GA.

3. Consortium Claim: The following individual allege damages for loss of consortium: All loss of consortium beneficiaries allowable under applicable law.

4. Survival and/or Wrongful Death Claims: N/A

   Name and residence of Decedent Plaintiff when she suffered the talcum powder product(s) related death: N/A

5. Plaintiff was born on 08/17/1956.

6. Plaintiff is filing this case on behalf of herself.

7. As a result of using talcum powder products, Plaintiff suffered personal and economic injuries that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

       __X__ injury to herself

       __X__ injury to the person represented

       _____ wrongful death

       _____ survivorship action

      __ X __ economic loss

      __ X __ loss of services

      __ X __ loss of consortium

      _____ other:

**Identification of Defendants**

8. Plaintiff is suing the following Defendant(s) (please check all that apply) [1]:

      __ X __ Johnson & Johnson

      __ X __ Johnson & Johnson Consumer Inc.

      _____ Imerys Talc America, Inc. ("Imerys Talc")

      _____ Personal Care Products Council ("PCPC")

**Additional Defendants**

      __ X __ Other(s) Defendant(s) (please specify): Johnson & Johnson Holdco (NA) Inc., Janssen Pharmaceuticals, Inc., LLT Management LLC, and Kenvue, Inc.

**JURISDICTION & VENUE**

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

      __ X __ Diversity of Citizenship

      _____ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff(s) as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff(s) in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*

of Civil Procedure).

**Venue:**

10. District Court(s) and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: Northern District of Georgia.

### CASE SPECIFIC FACTS

11. Plaintiffs currently resides in Hogansville, GA.

12. At the time of the Plaintiff's diagnosis with a talcum powder products injury, Plaintiff resided in Hogansville, GA.

13. The Plaintiff was diagnosed with a talcum powder products injury in: , GA on 01/01/2022.

14. To the best of Plaintiff's knowledge, Plaintiff began using talcum in powder products on or about the following date:  and continued the use of talcum powder products through about the following date: .

15. The Plaintiff purchased talcum powder products in the following State: GA.

16. Plaintiff used the following talcum powder products:

    _____ Johnson & Johnson's Baby Powder

    _____ Shower to Shower

### CAUSES OF ACTION

17. Plaintiff hereby adopts and incorporates by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein. The following claims and allegations

asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff:

\_\_\_\_\_ Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

\_\_X\_\_\_ Count II: Products Liability – Strict Liability – Failure to Warn (Against the Johnson & Johnson Defendants)

\_\_\_\_\_ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

\_\_X\_\_\_ Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against the Johnson & Johnson Defendants)

\_\_X\_\_\_ Count V: Breach of Express Warranties (Against the Johnson & Johnson Defendants)

\_\_X\_\_\_ Count VI: Breach of Implied Warranty of Merchantability (Against the Johnson & Johnson Defendants)

\_\_X\_\_\_ Count VII: Breach of Implied Warranty of Fitness for a Particular Purpose (Against the Johnson & Johnson Defendants)

\_\_\_\_\_ Count VIII: Negligence (Against Imerys Talc)

\_\_X\_\_\_ Count IX: Negligence (Against the Johnson & Johnson Defendants)

\_\_\_\_\_ Count X: Negligence (Against PCPC)

\_\_X\_\_\_ Count XI: Negligent Misrepresentation (Against the Johnson & Johnson Defendants)

\_\_X\_\_\_ Count XII: Fraud (Against the Johnson & Johnson Defendants)

\_\_\_\_\_ Count XIII: Fraud (Against PCPC)

\_\_X\_\_\_ Count XIV: Violation of State Consumer Protection Laws of the State of Pennsylvania (Against the Johnson & Johnson Defendants).

\_\_\_\_\_ Count XV: Fraudulent Concealment (Against Imerys Talc)

\_\_X\_\_\_ Count XVI: Fraudulent Concealment (Against the Johnson & Johnson Defendants)

\_\_\_\_\_ Count XVII: Fraudulent Concealment (Against PCPC)

\_\_X\_\_\_ Count XVIII:  Civil Conspiracy (Against All Defendants)

\_\_X\_\_\_ Count XIX: Loss of Consortium (Against All Defendants)

\_\_X\_\_\_ Count XX: Punitive Damages (Against All Defendants)

\_\_X\_\_\_ Count XXI: Discovery Rule and Tolling (Against All Defendants)

Furthermore, Plaintiff asserts the following additional theories and/or State Causes of Action against Defendants identified in Paragraph nine (9) above. If Plaintiff includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff in a manner complying with the requirements the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: 03/15/2024.                    Respectfully submitted,

By: /s/ Daniel J. Thornburgh
Daniel J. Thornburgh
**AYLSTOCK, WITKIN,
KREIS, AND OVERHOLTZ, PLLC**
17 East Main Street, Suite 200
Pensacola, Florida 32502
Telephone: 850-202-1010
Fax: 850-916-7449
dthornburgh@awkolaw.com

*Attorney for Plaintiff*